UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL MARCIANO, #1476476

Petitioner,

v.                                        CIVIL ACTION NO. 2:24cv304

CHADWICK DOTSON, Director,
Department of Corrections,

Respondent.

## REPORT AND RECOMMENDATION

Pro se Petitioner Michael Marciano ("Petitioner" or "Marciano"), a Virginia inmate currently incarcerated at Buckingham Correctional Center in Virginia, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his convictions for second-degree murder and use of a firearm in the commission of a felony. Pet. (ECF No. 1). Marciano, who was sentenced to seventeen years, alleges prosecutorial misconduct and violations of his due process rights. Pet. (ECF No. 1, at 1, 5-8). Respondent Chadwick Dotson ("Respondent") filed a Rule 5 answer and moved to dismiss the Petition. Resp't Mot. Dismiss (ECF No. 9). Respondent argues that the Petition is time-barred under 28 U.S.C. § 2244(d), Resp't Br. Supp. Mot. Dismiss ("Resp't Br.") (ECF No. 10, at 11-16). Because Marciano's Petition is time-barred, this Report recommends that the court GRANT Respondent's Motion to Dismiss, (ECF No. 9), and DISMISS the Petition, (ECF No. 1), with prejudice.

### I.     STATEMENT OF THE CASE

On September 12, 2019, Petitioner was convicted in the Greensville County Circuit Court of second-degree murder and use of a firearm in the commission of a felony. Pet. (ECF No. 1, at

1

1). The shooting occurred during a drug-related robbery, and Marciano was convicted on the testimony of three eyewitnesses, including Sherrod Vaughan, Resp't Br. (ECF No. 10-11, at 161-87), Lori Stanley, id. at 244-69, and Brittany O'Bannon, id. at 188-233. The trial court sentenced him to seventeen years. Resp't Br. (ECF No. 10-1, at 2). He appealed his conviction to the Court of Appeals of Virginia, which denied his petition for appeal in an order dated June 19, 2020. Resp't Br. (ECF No. 10, at 1). A three-judge panel of the Court of Appeals again denied his appeal in an order dated August 25, 2020. Id. Marciano then appealed his convictions to the Supreme Court of Virginia, which refused his petition for appeal in an order dated April 14, 2021. Id.

On June 8, 2020, while his case was pending before the Court of Appeals, Marciano filed a petition for a writ of habeas corpus in the Supreme Court of Virginia challenging his conviction on the grounds of insufficient evidence and actual innocence. Id. at 2. The Supreme Court of Virginia dismissed Marciano's habeas petition in an order dated September 30, 2020. Id. On August 23, 2021, Marciano filed a second petition for a writ of habeas corpus, challenging his conviction on the grounds of (1) ineffective assistance of counsel; (2) abuse of discretion by the trial court in excluding exculpatory evidence; and (3) insufficient evidence to sustain his convictions. Id. The Supreme Court dismissed Marciano's second habeas petition in an order dated May 3, 2022. Id.

On February 5, 2024, Marciano filed a third petition for a writ of habeas corpus with the Supreme Court of Virginia. Id. On April 16, 2024, while Marciano's third habeas petition in state court was still pending, Marciano placed the present Petition in the prison mailing system, and the court received it on May 10, 2024. Id. at 8. Marciano's federal Petition puts forth three claims that are identical to the three claims that he raised in his most recent state petition. Pet. (ECF No. 1, at 4-9). Those claims are:

2

> 1. "The prosecution violated Brady v. Maryland, 373 U.S. 83 (1963), denying petitioner['s] due process rights, by failing to disclose impeachment evidence, when the prosecution withheld that Brittany O'Bannon, the key witness upon which the case against the petitioner was built, received significant benefits, and that O'Bannon's complete cooperation was secured through promises and agreements, as well as through the use of threats and leverage by law enforcement, prosecutors, and petitioner's trial judge."
>
> 2. "The prosecution violated Giglio v. United States, 405 U.S. 150 (1972), and its progeny, denying petitioner['s] due process rights, when the prosecutor elicited misrepresentations from Brittany O'Bannon at petitioner's jury trial, failed to correct O'Bannon's misrepresentations, and purposefully acted to divert said misrepresentations from the jury's attention."
>
> 3. "The cumulative effect of the prosecution's misconduct violated the 14th Amendment to the U.S. Constitution, resulting in a denial of petitioner's due process rights."

Id. In support of his claims, Marciano has attached the same exhibits that he attached to his pending state habeas petition, including two letters between Brittany O'Bannon and her attorney, id. (ECF No. 1-H, at 65); id. (ECF No. 1-I, at 66-67). Marciano has also attached three "sworn declarations" made by Marciano, himself, id. (ECF No. 1-E, at 60-62), and Brittany T. Vaughan-Wright, id. (ECF No. 1-F, at 63); id. (ECF No. 1-G, at 64), whom Marciano describes as a "trusted advocate," id. (ECF No. 1, at 29). Respondent moves to dismiss the Petition, (ECF No. 9), and argues that the Petition is time-barred under 28 U.S.C. § 2244(d), Resp't Br. (ECF No. 10).

## II. STANDARD OF REVIEW

A motion to dismiss "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (internal citations omitted) (discussing Fed. R. Civ. P. 12(b)(6)); see also Goard v. Crown Auto. Inc., 170 F. Supp. 3d 915, 917 (W.D. Va. 2016) (noting that a "motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim"). A complaint is subject to dismissal if it does not "contain sufficient factual matter, accepted as true,

3

to state a claim that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (cleaned up)). Factual allegations cannot require speculation or merely be conceivable. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. This inquiry is "context-specific." Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc., 591 F.3d 250, 256 (4th Cir. 2009).

In considering a motion to dismiss, the "court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." E. I. du Font de Nemours & Co. v. Kolon Indus. Inc., 637 F.3d 435, 440 (4th Cir. 2011) (citing Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)). The court "may consider documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic." Kensington Volunteer Fire Dep't Inc. v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012) (quoting Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (cleaned up)).

### III. ANALYSIS

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In this case, Marciano invokes Brady v. Maryland and his constitutional right to due process of law. Pet. (ECF No. 1, at 4-9). But Marciano is time-barred from raising those claims now in federal court, and he offers no valid reason to excuse his untimely filing. This Report thus recommends the court GRANT Respondent's Motion to Dismiss, (ECF No. 9), and DISMISS Marciano's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 1), with prejudice.

A.  **Marciano's Petition is Time-Barred.**

Under 28 U.S.C. § 2244(d)(1), a prisoner seeking federal habeas corpus relief from a state court conviction is subject to a one-year statute of limitations, which runs from the latest of the date on which: (A) the judgement becomes final by the conclusion of direct review or the expiration of the time for seeking such review; (B) any state-created barrier to filing a petition is removed; (C) the United States Supreme Court newly recognizes the right asserted; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. § 2244(d)(1)(A)-(D). If a petitioner declines to seek certiorari in the United States Supreme Court after exhausting all avenues of direct review in state court, the petitioner's judgment becomes final ninety days after final judgment, when the time for seeking Supreme Court review expires. Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012). The one-year limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

For purposes of federal habeas review, Marciano's appeal became final under 28 U.S.C. § 2244(d)(1)(A) on September 13, 2021. While the time to petition the United States Supreme Court for certiorari is normally 90 days, Sup. Ct. R. 13 (2024), in response to COVID-19, and by Order dated March 19, 2020, the Supreme Court extended the deadline to "150 days from the date of the lower court judgement, order denying discretionary review, or order denying a timely petition for rehearing." Order List, 589 U.S. On July 19, 2021, the Court returned to the 90-day deadline for new petitions. Order List, 594 U.S. Marciano's right to petition arose during the 150-day extension period. Because Marciano did not appeal his convictions to the United States Supreme Court, they became final on September 13, 2021, 150 days after the Supreme Court of Virginia refused his petition for appeal on April 14, 2021. Marciano had until September 13, 2022,

to file his federal petition, but he did not file his Petition until April 16, 2024, almost 19 months after the federal limitations period expired. Pet. (ECF No. 1, at 15).

Marciano acknowledges that his Petition is untimely, but he argues that he only learned about the factual predicate underlying his claims on April 22, 2023.[1] Id. (ECF No. 1, at 13, 61). Thus, accepting Marciano's assertion that he only discovered new information that qualified as a factual predicate for his claims on April 22, 2023, his petition would be timely under 28 U.S.C. § 2244(d)(1)(D). "Section 2244(d)(1)(D) runs the clock from 'the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence.'" McQuiggin v. Perkins, 569 U.S. 383, 394 (2013). But Marciano cannot rely on § 2244(d)(1)(D) because (1) the information that Marciano claims to have discovered is not a new factual predicate for his claims, and (2) Marciano has failed to show that he acted with due diligence to discover the information he claims is new.

1. **Marciano fails to Establish a Factual Predicate to Excuse the Time Bar.**

While factual predicate is not defined in § 2244(d)(1)(D), "[t]hose courts that have given meaning to the term agree that a factual predicate consists only of the 'vital facts' underlying the claim." Rivas v. Fischer, 687 F.3d 514, 535 (2d Cir. 2012) (citing McAleese v. Brennan, 483 F.3d 206, 214 (3d Cir. 2007)); see also Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998)). "[I]f new information is discovered that merely supports or strengthens a claim that could have been properly stated without the discovery, that information is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." Rivas, 687 F.3d at 535 (citing

---

[1] While Marciano claims he discovered the grounds for his Petition on April 22, 2023, he notes that he did not receive the actual documents until sometime between May 1, and May 7, 2023. Pet. (ECF No. 1, at 6); id. (ECF 1-E, at 61). The court will use the date of April 22, 2023, because that was the date on which the factual predicate of Marciano's claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

6

McAleese, 483 F.3d at 214). New evidence supporting an old point is not a new factual predicate." Martinez v. Hooks, No. 5:19-cv-00117-MR, 2021 WL 5100956, *6 (W.D.N.C. Nov. 2, 2021) (citing Rivas, 687 F.3d at 535 (holding that additional facts merely supporting a previously known argument are not vital facts)).

Here, Marciano appears to claim three "factual predicates" to support his current claim: (1) his discovery that Brittany O'Bannon was "coerced" into testifying against him with offers of a favorable plea agreement in her then-pending probation violation case in Greensville County Circuit Court, Pet. (ECF No. 1, at 31-33, 60-64); (2) his discovery that the Commonwealth failed to disclose that it agreed to release O'Bannon on "a [personal recognizance] bond" in exchange for her testimony against Marciano, id. at 31-32, 60-64; and (3) his discovery that the Commonwealth failed to disclose that it "had a beneficial agreement with O'Bannon relative to the disposition of a criminal matter O'Bannon faced in Richmond." Id. at 32, 60-64. None of these claims qualify as new factual predicates under § 2244(d)(1)(D).

Marciano's Petition does not present any new evidence that supports his claim that the Commonwealth "coerced" O'Bannon into testifying. Marciano claims in his attached affidavit that O'Bannon told him that the Commonwealth coerced her testimony, id. (ECF No. 1-E, at 62), and Marciano's "trusted advocate" Brittany T. Vaughan-Wright also claims, in one of her two attached affidavits, that O'Bannon told her that she was coerced into fabricating testimony, id. (ECF No. 1-G, at 64). None of the attached affidavits from Mariano or Vaughn-Wright qualify as admissible evidence, however, because they contain multiple levels of inadmissible hearsay in violation of Rule 805 of the Federal Rules of Evidence, and no exception applies that would make the affidavits admissible. The affidavits purport to repeat what O'Bannon said, and what others said to O'Bannon. Notably, O'Bannon herself did not submit an affidavit or declaration.

7

Furthermore, the letters between O'Bannon and her attorney, which Marciano also relies on, do not corroborate his claims of coerced testimony. Id. (ECF No. 1-H, at 65); id. (ECF No. 1-I, at 66-67). To the extent that the letters suggest that O'Bannon was hoping for leniency from the Commonwealth in exchange for her testimony, this information is not new but was known to Marciano at the time of his trial.

The Commonwealth disclosed to Marciano's counsel prior to trial that O'Bannon was hoping to receive a more lenient sentence in exchange for her testimony against Marciano, id. (ECF No. 1-C, at 55), and Marciano's counsel raised the matter at trial during cross examination of O'Bannon, Resp't Br. (ECF No. 10-11, at 214-17). On May 14, 2019, a week before Marciano's trial began, the Commonwealth sent Marciano's attorney a letter establishing that all parties were aware of the following facts:

> Brittany O'Bannon is incarcerated for a probation violation that has been continued, on joint motion of the defense and Commonwealth, to a date after your client's trial. The Commonwealth does not have any agreement with respect to the outcome of her probation violation. She is hoping her truthful testimony in the murder trial will benefit her with the outcome of the violation.

Pet. (ECF No. 1-C, at 55). At trial, Marciano's attorney asked O'Bannon if she "had a conversation with the prosecutor about time served [regarding her probation violation]," and if "that's what you're hoping is going to happen?" Resp't Br. (ECF No. 10-11, at 217). O'Bannon responded to both questions in the affirmative and testified that she was hoping to obtain a more lenient sentence based on her testimony. Id. Thus, the Commonwealth disclosed all exculpatory evidence available to it and related to O'Bannon prior to trial. Marciano was able to use that evidence to impeach her testimony at trial, and the evidence described in his present federal petition was not new to him.

Even if the evidence provided by O'Bannon on April 22, 2023, was new, the evidence "merely supports or strengthens a claim" that Marciano already made at trial, and therefore does

8

not qualify as a factual predicate. Rivas, 687 F.3d at 535 (citing McAleese, 483 F.3d at 214). Furthermore, accepting that the letters were new evidence, the use of newly found evidence to reinforce an old point is not a new factual predicate. See Martinez, 2021 WL 5100956, at *6 (citing Rivas, 687 F.3d at 535). The Commonwealth disclosed all exculpatory evidence related to O'Bannon prior to trial, and Marciano was able to use that evidence to impeach her testimony. Marciano's claim that the Commonwealth "coerced" O'Bannon's testimony is unsupported by any of the admissible evidence he provides.

In fact, Marciano's present claims that the Commonwealth had agreed to release O'Bannon "on a [personal recognizance] bond" and secure a more favorable "disposition of a criminal matter O'Bannon faced in Richmond," lack any evidentiary support and are contradicted by Marciano's own exhibits. Pet. (ECF 1, at 31-32); id. (ECF No. 1-H, at 65); id. (ECF No. 1-I, at 66-67). To support these claims, Marciano presents two letters that O'Bannon's attorney sent to her on March 16, 2018, id. (ECF No. 1-H, at 65), and April 26, 2018, id. (ECF No. 1-I, at 66-67), while O'Bannon was incarcerated in Greensville County. In the most recent letter between O'Bannon and her attorney, O'Bannon's counsel explicitly relates that the Commonwealth had decided that it "would not agree to allow her to be released on bond" because she was a flight risk. Id. (ECF 1-I, at 66) (emphasis added). The same letter indicates that O'Bannon's counsel had misunderstood the length of O'Bannon's Richmond sentence, and that he had learned that O'Bannon's Richmond sentence was being served concurrently with her time in Greensville County. Id. Contrary to Marciano's claims, the letter does not indicate that either of these facts were related to any agreement between the Commonwealth and O'Bannon. Exhibit C of Marciano's Petition, the letter that the Commonwealth sent Marciano's attorney a week before trial, expressly states that "[t]he Commonwealth does not have any agreement with respect to the outcome of [O'Bannon's]

9

probation violation." Thus, Marciano has failed to plausibly allege that the Commonwealth coerced O'Bannon's testimony, and Marciano has failed to show the existence of any new factual predicate under § 2244(d)(1)(D).

### 2. Marciano Failed to Show Due Diligence in Discovering the Allegedly New Evidence.

Marciano has also not shown that he acted with due diligence to discover the information contained in his Petition. "Due diligence does not require 'the maximum feasible diligence,' but it does require reasonable diligence in the circumstances." Gray v. Ballard, 848 F.3d 318, 322 (4th Cir. 2017) (citing Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) (quoting Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004))). "Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case." Quiroga v. Clarke, No. 3:20-cv-536, 2021 WL 2231236, at *3 (E.D. Va. June 2, 2021) (citing Wims v. United States, 225 F.3d 186, 190–91 (2d Cir. 2000)). "A petitioner bears the burden to prove that he or she exercised due diligence." Quiroga, 2021 WL 2231236, at *4 (citing DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006)). "Due diligence 'at least require[s] that a prisoner make reasonable efforts to discover the facts supporting his claims.'" Id. (citing Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008)). "The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." Id. (citing Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012)).

Here, there is no indication that Marciano undertook any investigation of his own case, or the circumstances surrounding O'Bannon's testimony. According to his petition, his alleged recent discovery of the letters between O'Bannon and her attorney was only made after O'Bannon contacted him and provided him the letters on April 22, 2023. Pet. (ECF No. 1, at 28-29). O'Bannon and Marciano were involved romantically at the time of the murder, and she identified

him at trial as her ex-boyfriend. Resp't Br. (ECF No. 10-11, at 189). Given that Marciano never attempted to contact O'Bannon despite the disclosures made regarding her testimony and their prior relationship, his efforts cannot be characterized as exercising "reasonable diligence in the circumstances." Gray, 848 F.3d at 233. Marciano bears the burden of showing that he exercised due diligence, and he has failed to present any facts to show that he acted with due diligence. Quiroga, 2021 WL 2231236, at *4 (citing DiCenzi, 452 F.3d at 471). For these reasons, 28 U.S.C. § 2244(d)(1)(D) is not applicable to Marciano's Petition, and it should be dismissed as time-barred.

**B.      Marciano Presented Insufficient Evidence to Warrant Equitable Tolling.**

Marciano does not expressly argue that he is entitled to equitable tolling, and the court's own review discloses no basis for such a claim. In exceptional cases, equitable tolling of the statute of limitations applies when a litigant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010). The Fourth Circuit limits equitable tolling to those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3D 180, 184 (4th Cir. 2014) (citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

Marciano did not meet his burden of proving the necessary grounds for equitable tolling. First, as previously noted, Marciano has not established that he has been "pursuing his rights diligently." Holland, 560 U.S. at 649. In Holland, the United States Supreme Court found that the petitioner met this prong because he wrote his attorney numerous letters seeking crucial information without reply, and lobbied various third parties to have his attorney removed from his case. Id. By contrast, Marciano never attempted to contact O'Bannon after his trial, and he only became aware of the purportedly new evidence when O'Bannon contacted him.

Second, Marciano has not established that "some extraordinary circumstance stood in his way" that prevented his timely filing of his present claims. Id. Marciano filed several state habeas petitions since his conviction in 2019, but during that same period, he never attempted to file a federal habeas petition. Marciano has not asserted any extraordinary or external circumstances that would explain why he did not file a federal petition prior to the statutory deadline.

### C. Marciano Presented No Evidence of Actual Innocence.

A petitioner may still overcome the time bar by making a convincing showing of actual innocence. McQuiggin, 569 U.S. at 386. The threshold requirement to prove actual innocence is high, and requires a petitioner to introduce new, reliable evidence sufficient to persuade the court that no reasonable juror would vote to find the petitioner guilty beyond a reasonable doubt. Id. at 386-87 (citing Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Here, Marciano has not asserted actual innocence, nor has he offered new, reliable evidence that would support that claim. Marciano's claims concerning O'Bannon's testimony challenge the sufficiency of the Commonwealth's evidence and does not go toward his factual innocence. Furthermore, the evidence in his petition does not meet the high threshold of new, reliable evidence that would be sufficient to persuade the court that no reasonable juror would vote to find the petitioner guilty beyond a reasonable doubt. Marciano was convicted on the testimony of three eyewitnesses who knew him and identified him as the shooter. Resp't Br. (ECF No. 10-11, at 161-87, 244-69, 188-233). Even if the additional evidence of bias related to O'Bannon's testimony was admitted, reasonable jurors would likely have convicted him on the testimony of the other two witnesses. Because Marciano did not introduce new evidence to support a claim of actual innocence, he has not plausibly alleged any reason to excuse the time-bar.

### IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, I conclude that Marciano's claims are time-barred, and he has not presented sufficient evidence to allow the court to consider his late filing. Accordingly, I RECOMMEND that the court GRANT Respondents Motion to Dismiss, (ECF No. 9), and DISMISS Marciano's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 1), with prejudice.

The Clerk is directed to provide an electronic copy of this Report to all counsel of record.

### V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court

based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

October 17, 2024